UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Emmett Spencer,

    Plaintiff,

v.   Civil Action No. 10-714 (UNA)

District of Columbia et al.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's pro se complaint and now complete application to proceed in forma pauperis. The Court will grant the application to proceed without prepayment of fees, and will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Naming as defendants the District of Columbia and two of its police officers, plaintiff has filed "an action seeking monetary damages from an injury plaintiff received as a result of defendant[s'] negligence [under] color of law [in violation of] the civil rights act[,] 42 U.S.C. § 1983." Compl. at 2. According to the factual allegations in the complaint, the plaintiff was under arrest at a police precinct station when he complained that he did not feel well and started vomiting. Compl. at 3. One officer called an ambulance, but another "officer showed up and said that [plaintiff] was faking and that nothing was wrong with [him] and snatched [him] up off the floor without any regard for [his] health and well being at that time." *Id.* (spelling altered). As two officers were supporting plaintiff in an upright position, he "started yelling because of the pain shooti[n]g up [his] arm," at which time one officer let plaintiff's weight rest on the other officer, who dropped plaintiff, handcuffed, to the floor. *Id.* Then the officer who dropped the

plaintiff proceeded to drag the plaintiff by his shoulders to the processing unit at the same time plaintiff was complaining that he was hurt. *Id.* The complaint does not describe what, if any, injuries the plaintiff sustained as a result of this treatment described. In this action, plaintiff seeks $550,000 in damages, *id.* at 4, as relief for the defendants' refusal "to provide reasonable accommodations to plaintiff's injuries in direct violation of the civil rights act[,] and as a result of defendants' negligence, plaintiff suffered bodily injuries and physical and mental pain," *id.* at 3.

When reviewed for failure to state a claim upon which relief may be granted, a pro se complaint is entitled to a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Although the complaint appears to attempt to assert a claim for negligence under 42 U.S.C. § 1983, such a claim is not cognizable. Liberally construed then, the complaint may be read to assert a common law claim for negligence as well as a separate federal claim for a civil rights violation under 42 U.S.C. § 1983.

It does not appear that this complaint includes factual allegations sufficient to support a claim for civil rights violation under 42 U.S.C. § 1983. A complaint cannot survive on a conclusory claim unsupported by factual allegations. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (stating that a court need not accept a plaintiff's legal conclusions or inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint requires "more than labels and conclusions"); *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (a complaint fails "if it tenders naked assertions devoid of further factual enhancements") (internal quotation marks and alterations omitted). The facts do not suggest, and

the complaint does not allege, that the officers used excessive force or were brutal in their treatment of the plaintiff. Accordingly, the § 1983 claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Unlike the Superior Court of the District of Columbia, this federal court is a court of limited jurisdiction. This court may hear a negligence claim against these defendants only if it also has original jurisdiction over a factually intertwined federal claim. *See* 28 U.S.C. § 1367(a). Because the § 1983 federal claim must be dismissed at the outset, this court does not have jurisdiction to hear the negligence claim. The plaintiff's recourse with respect to the negligence claim lies with the Superior Court.

For the reasons stated, the complaint will be dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

Date: 5/24/10

/s/ Ellen S. Huvelle
United States District Judge